IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WHITE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>L. NGUYEN, M.D., et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01466 AWI JLT (PC)<br><br>ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed on August 16, 2010.

I.   **SCREENING**

　　A.   **Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th

Cir. 2000) (en banc).

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.    Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides, in relevant part, that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint

must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE COMPLAINT

In his complaint, Plaintiff identifies Dr. L. Nguyen and Nurse Ryan, in addition to Does 1-16. (Doc. 1 at 1) Plaintiff clarifies that Does 1-5 are nurses, Does 6-11 are doctors, Does 11-15 are pharmacists or pharmacist technicians and Doe 16 is a nurse, all of whom work at Pleasant Valley State Prison. Id. at 3.

Plaintiff alleges that in December 2008, he noticed a small sore on his upper lip. Id. at 4. He submitted 10 medical requests over the next two months to receive medical attention for the sore. Id. During these medial appointments, he saw nurse Does 1-5 and doctor Does 6-10. Id. All of these medical professionals failed to treat or diagnose his sore despite that it had increased in size and began discharging fluid, he had lost 20 pounds, had back pain and suffered shortness of breath. Id. On February 6, 2009, Plaintiff was seen by a prison doctor who diagnosed a "3 cm x 3 cm mushroom-shaped subcutaneous giant cell caseating necrosis, with endosporulating fungal spherules." Id. Plaintiff underwent immediate surgery at an outside hospital to remove the growth. Id. Plaintiff remained at the hospital for three months while undergoing tests and treatment. Id.

On May 9, 2009, Plaintiff was returned to KVSP with an order that he receive pain medication. (Doc. 1 at 5) When he arrived at the prison, a doctor there prescribed the medication ordered by the hospital and Plaintiff believes that the prescription was transmitted to pharmacy Does 11-15. Id. Also, the prison doctor ordered Plaintiff to receive follow-up by a physician within a week. Id. Nevertheless, was not provided the medication and was not seen by the follow-up doctor. Id.

On May 20, 2009, Plaintiff saw Dr. Nguyen. (Doc. 1 at 5) Plaintiff complained to Dr. Nguyen that he was in severe pain and had not received any pain medication. Id. However, Dr. Nguyen failed to take any action. Id. Two weeks later, Plaintiff again saw Dr. Nguyen and Plaintiff made the same complaints to him but, again, Dr. Nguyen failed to take any action. Id. A week later, on June 10, 2009, Plaintiff saw Dr. Nguyen again. Id. Though Dr. Nguyen ordered lab work and refilled other, unrelated prescriptions, he failed to take any action to ensure that Plaintiff received pain medication for his lip. Id.

On June 11, 2009, Plaintiff filed a grievance related to the failure to receive the pain medication. Id. Nurse Doe 16 responded to the complaint and reported that Plaintiff was "already on pain meds." (Doc. 1 at 5) On July 16, 2009, Plaintiff appealed the denial of his grievance and iterated that he had not yet received the pain medication that had been prescribed. Id. at 6. Dr. Nguyen responded to the appeal despite that he was a target of the grievance. Id. A few days later, Plaintiff began receiving the pain medication. Id.

### III. DISCUSSION

#### A. Eighth Amendment

Plaintiff claims that Defendants provided him inadequate medical treatment. To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104). A prison official acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Jett, 439 F.3d at 1096. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support his cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff alleges that he started with a small sore on his lip that quickly progressed to a large, mushroom-sized sore that oozed fluid and, ultimately, required surgery to remove it. Due to this growth, Plaintiff suffered increasing pain, he lost weight and suffered back pain and shortness of breath. Thus, the allegations in the amended complaint sufficiently demonstrate that Plaintiff suffered from an objectively serious medical condition. See McGuckin, 974 F.2d at 1059-1060 ("[T]he presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") (citations omitted).

Whether Plaintiff states a cognizable inadequate medical care claim under the Eighth Amendment therefore hinges upon whether Plaintiff alleges facts sufficiently demonstrating that Defendants acted with deliberate indifference.

      i.      Nurse Does 1-5 and Doctor Does 6-10

Plaintiff identifies Does 1-5 and Does 6-10 as the nurses and doctors that he saw in the two months before he received a diagnosis for his lip sore. (Doc. 1 at 3,4) Despite the ever-growing lesion on Plaintiff's lip, none of these medical professionals diagnosed his condition. Nevertheless, when Plaintiff was seen by another prison doctor on February 6, 2009, this doctor immediately recognized the seriousness of Plaintiff's condition and referred him to medical care at an outside hospital where he was forced to undergo surgery to remove the growth. These facts indicate that the medical professionals who saw Plaintiff before February 6, 2009, should have recognized his condition but, nevertheless, failed to provide him treatment. Thus, these facts are sufficient to state a claim for the violation of the Eighth Amendment.

      ii.      Pharmacist Does 11-15

Plaintiff's allegations related to the pharmacist Does, are vague and conclusory and fails to demonstrate that any acted with deliberate indifference to his condition. Plaintiff alleges that these Doe Defendants failed to fill his prescriptions for the pain medication issued upon his return to KVSP after he underwent his surgery to remove the lip lesion. (Doc. 1 at 3-4) However, there are no facts alleged that these defendants were aware of Plaintiff's condition or deliberately withheld the medication for the purpose of causing him harm. Thus, the allegations are insufficient to state a claim against these

defendants.

### iii. KVSP Nurse Doe 16

Plaintiff alleges that Nurse Doe 16 responded to his inmate appeal filed on June 10, 2009 and indicated that he was "already on pain meds." (Doc. 1 at 5) There are no other facts alleged as to this defendant.

Notably, Plaintiff *was* prescribed pain medication on May 9, 2009 as Nurse Doe 16 reported. Id. There are no facts alleged that demonstrate that Nurse Doe 16 was aware that, despite having been prescribed this medication, that Plaintiff had never received any of the medication. In fact, her comment seems to believe that he was asking for a *prescription* for medicine rather than the actual medicine. Moreover, there are no facts alleged that this nurse was aware of Plaintiff's condition or that she acted for the purpose of causing him harm. At most, this demonstrates that Nurse Doe 16 acted negligently when she failed to verify actual distribution of the medication to Plaintiff. Thus, the allegations are insufficient to state a constitutional claim against this defendant.

### iv. Dr. Nguyen

Plaintiff alleges that he first saw Dr. Nguyen upon his return to KVSP, 11 days after his surgery to remove the lip lesion. (Doc. 1 at 5) At that time, Plaintiff told Dr. Nguyen that he "was in excruciating pain" but Dr. Nguyen failed to take any action to address the pain. Id. Two weeks later, on June 3, 2009, Plaintiff saw Dr. Nguyen again, and Plaintiff complained to him about not having received any pain medication and reported to Dr. Nguyen that he was in severe pain. Id. Again, Dr. Nguyen failed to do anything. Id. A week later, on June 10, 2009, Plaintiff saw Dr. Nguyen who ordered lab work and refilled Plaintiff's other medication but failed to ensure that Plaintiff received the pain medication for his lip. Id. These facts demonstrate that Dr. Nguyen was aware of Plaintiff's surgery and his pain and was deliberately indifferent to Plaintiff's serious medical condition. Therefore, Plaintiff has stated a claim against Dr. Nguyen for violation of the Eighth Amendment.

### D. **Leave to Amend**

Because the Court has found that the complaint arguably states cognizable claims against Dr. Nguyen and Does 1-10, Plaintiff may proceed in one of two ways. Plaintiff may choose to serve the complaint and only pursue the claims of inadequate medical care in violation of the Eighth Amendment

6

against these defendants. Alternatively, Plaintiff may file an amended complaint and attempt to cure the deficiencies identified by the Court in this screening order. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Broughton, 622 F.2d at 460).

If Plaintiff chooses to file an amended complaint, he is warned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, he is cautioned that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. Notify the Court in writing that he wishes to serve the complaint and proceed only on his Eighth Amendment claim against Dr. Nguyen and Does 1-10[1], or

    b. File an amended complaint and attempt to cure the deficiencies identified by the Court in this screening order.

2. The Clerk is directed to send Plaintiff the form complaint for use in a civil rights action.

3. Plaintiff is cautioned that his failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 4, 2011**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that once formal discovery begins, after the complaint is served and answered, he will be required to identify the true names of the Doe Defendants within a very short time with an amendment to the complaint. Therefore, he should take the time now to obtain his medical records and/or other records that will identify the true names of the Doe Defendants or to focus his early discovery efforts on identifying these defendants.