IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WHITE,<br><br>            Plaintiff,<br><br>v.<br><br>L. NGUYEN, et al.,<br><br>            Defendants. | Case No. 1:10-cv-01466 AWI JLT (PC)<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY DEFENDANT CHINYERE AMADI SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**<br><br>**INFORMATIONAL ORDER RE MOTION FOR SUMMARY JUDGMENT** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 6, 2011, the Court screened Plaintiff's amended complaint and found that it states a cognizable claim against Defendant Chinyere I. Amadi, among others. (Doc. 11.) On June 29, 2011, the court directed the United States Marshal to initiate service of process in this action. (Doc. 15.) However, on August 24, 2011, the United States Marshal returned service for Defendant Amadi, unexecuted. (Doc. 23.)

In response, on September 23, 2011, the Court issued an order requiring Plaintiff to provide additional information to effectuate service, (Doc. 25) and on October 25, 2011, Plaintiff provided the additional information. (Doc. 26.) In his notice of additional information, Plaintiff explained that the Defendant had been improperly named and provided the correct name for Defendant Amadi. (Id.) In addition, Plaintiff provided an updated current address for the

1  Defendant. (Id.)  With this correction, the Court, on November 1, 2011, once again ordered the
2  United States Marshall to initiate service.

3  However, on December 30, 2011, the United States Marshal returned service directed at
4  Defendant Amadi unexecuted. (Doc. 29.) According to the USM-285 form, the USMS attempted
5  service by mail to Dr. Amadi at the address provided by Plaintiff.  Id.  The United States Post
6  Office returned the service documents as "not deliverable as addressed." Id.  In addition, the
7  USMS confirmed once again that Defendant Amadi was not found in the CDCR employee
8  locator. Id.  Thus, the USMS has certified that Defendant Amadi cannot be located.  Id.

9  On January 4, 2012, the Court, once again, ordered Plaintiff to provide correct service
10 information for Defendant Amadi.  (Doc. 30)  In that order, the Court admonished Plaintiff that
11 this would be the "one last opportunity" to provide service information for this defendant.  Id. at
12 2. Promptly, Plaintiff responded and reported that as a result of a "thorough internet search," he
13 determined that the defendant's address was in Sioux Falls, SD.  (Doc. 31 at 1)  As a result, the
14 Court ordered the U.S. Marshal Service to effectuate service on this defendant. (Doc. 32.)

15 The U.S. Marshal Service attempted mail service at the new address on two occasions.
16 (Doc. 38)  When this failed, the U.S. Marshal Service visited the physical address on June 21,
17 2012 and found the location was "closed out of business."  Id.

18 In the meantime, on June 18, 2012, the remaining Defendants filed their motion for
19 summary judgment. (Doc. 33)

**ORDER**

21 1. Accordingly, within 14 days from the date of service of this order, Plaintiff **SHALL**
22 show cause why Defendant Amadi should not be dismissed from this lawsuit without prejudice.

23 2.  In addition, Plaintiff is reminded that Local Rule 230(l) provides that the failure to
24 oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . . ."
25 This means that the court may deem Plaintiff's failure to oppose defendant's motion to dismiss as
26 a waiver, and may recommend that the motion be granted on that basis.

27 Additionally, pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v.
28 Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements for

opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:

1. Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial. See Rule 56(b).

2. Defendant(s)' motion will set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law. See Rule 56(c).

3. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of law.

4. Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are; (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

5. If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s)' motion. See Rule 56(f).

6. If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary judgment against plaintiff.

7. A motion supported by affidavits or declarations that are unsigned will be stricken.

8. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   **July 19, 2012**                             **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE