IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BOBBY WHITE, | Case No. 1:10-cv-01466-AWI-JLT (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT CHINYERE AMADI WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT'S ORDER |
| v. | |
| L. NGUYEN, et al., | |
| Defendants. | (Doc. 39). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On July 19, 2012, the Court issued an order to show cause why Defendant Chinyere I. Amadi ("Amadi") should not be dismissed from this lawsuit without prejudice. (Doc. 39). Plaintiff has failed to respond to the Court's order. For the reasons set forth below, the Court recommends Defendant Amadi be dismissed from this action.

**I.      Background**

On May 6, 2011, the Court screened Plaintiff's amended complaint and found that it stated a cognizable claim against Defendant Chinyere I. Amadi, among others. (Doc. 11.) On June 29, 2011, the court directed the United States Marshal Service ("USMS") to initiate service of process in this action. (Doc. 15.) However, on August 24, 2011, the United States Marshal returned service for Defendant Amadi, unexecuted. (Doc. 23.)

On September 23, 2011, the Court issued an order requiring Plaintiff to provide additional information to effectuate service. (Doc. 25). Plaintiff provided the additional information, including a corrected name for Defendant Amadi and an update address. (Doc. 26.) Once again, the Court ordered the United States Marshall's to initiate service. Despite the USMS's attempt to serve by mail and through the CDCR employee locator, the USMS certified that Amadi could not be located. (Doc. 29).

In January 2012, the Court ordered Plaintiff to provide proper service information for Amadi. (Doc. 30). Plaintiff responded with an address in Sioux Falls. (Doc. 31). The USMS attempted both mail and personal service at the physical address provided by Plaintiff and found the business located at that address was "closed – out of business." (Doc. 38).

On June 18, 2012, the remaining defendants filed their motion for summary judgment. The Court's July 19, 2012 order to show cause followed.

**II.     Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson,

779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure respond to the Court's order, provide correct service information, or prosecute this action. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its July 19, 2012 order, the Court warned Plaintiff that if he failed to comply with the order, the Court may impose sanctions, including, but not limited to "dismissal of the action." (Doc.39 at 4). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED WITHOUT PREJUDICE as to Defendant Amadi only; and

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **August 15, 2012**                             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE